# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **WILLIAM BAILEY,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**UNUM LIFE INSURANCE COMPANY of AMERICA,**<br><br>**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,**<br><br>     **Defendants.** | Civil Action No. 3:23-CV-577-RGJ<br><br>**COMPLAINT** |

## INTRODUCTION

1. This complaint seeks legal and equitable damages arising from and relating to a long-term disability ("LTD") insurance policy and life insurance policies ("Life Policies" or "Life Policy") issued and underwritten by Defendants.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendants with the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. §

1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Southern District of Ohio pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff William Bailey ("Mr. Bailey") is a citizen of the United States and an insured participant under the long-term disability insurance policy ("LTD Policy") and life insurance policies ("Life Policies" or "Life Policy") at issue in this lawsuit.

7. Defendant Unum Life Insurance Company of America ("Unum") is the insurer of the LTD Policy and two Life Policies at issue in this lawsuit. Unum does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky. Unum's agent for service of legal process is Corporation Service Company, 421 West Main Street Frankfort, KY 40601.

8. Defendant Provident Life and Accident Insurance Company ("Provident") is the insurer of one of the Life Policies at issue in this lawsuit. Provident does business as an admitted insurer, and can be regularly found operating, within the Commonwealth of Kentucky. Provident's agent for service of legal process is Corporation Service Company, 421 West Main Street Frankfort, KY 40601.

## FACTS

9. Mr. Bailey is insured under the LTD Policy and Life Policies (Nos. 145683 and 145684) issued and underwritten by Unum.

10. Mr. Bailey is insured under the Life Policy (No.0631013150) issued and underwritten by Provident.

11. Mr. Bailey ceased work in March 2018 because of the physical limitations

resulting from his disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Mr. Bailey has remained continuously disabled and unable to perform the duties necessary to engage in either his prior employment or any other employment.

12. Unum agreed Mr. Bailey was disabled as of March 31, 2018 and provided him with the LTD Policy benefits beginning June 29, 2018.

13. Unum and Provident (collectively "Defendants") agreed Mr. Bailey also satisfied the requisite definitions under the three (3) Life Policies and approved him for Life Waiver of Premium ("LWOP") benefits

14. Despite his physical inability to return to any employment, and absent any improvement in his disability conditions, Defendants terminated Mr. Bailey's claims for any further LTD Policy benefits and LWOP benefits.

15. By way of example, in a letter dated January 3, 2023, Unum notified Mr. Bailey that his LTD benefits under the Policy had been "paid through January 3, 2023" and "as of January 04, 2023, benefits are no longer payable."

16. Mr. Bailey has met and continues to meet the requirements of the LTD Policy necessary to continue receiving monthly LTD benefits and LWOP benefits.

17. In administering Mr. Bailey's claims, Defendants actively sought to terminate his LTD and LWOP benefits.

18. Mr. Bailey timely appealed Defendants' decisions. However, on April 14, 2023, Defendants upheld their prior decisions to terminate his continued LTD Policy benefits and LWOP benefits.

19. At all times relative hereto, Defendants have been operating under an inherent and structural conflict of interest because any disability benefits provided to Mr. Bailey are paid from

Defendants' own assets with each payment depleting those same assets.

20. Defendants' corporate culture pressures claims personnel to terminate claims, as well as to deny appeals in order to reduce disability and life benefits it must provide.

21. Employees who save Defendants money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

22. Mr. Bailey has exhausted his administrative remedies.

23. Mr. Bailey complaint is timely and is not otherwise time barred.

## CLAIMS

**A.     Breach of Contract (Unum)**

24. The LTD Policy constitutes a written contract.

25. The Life Policies (Nos. 145683 and 145684) constitute written contracts.

26. Unum breached the terms of the LTD Policy and Life Policies by, among other things, improperly terminating Mr. Bailey's LTD and LWOP benefits.

27. Unum's breach of the LTD Policy and Life Policies damaged Mr. Bailey, not only in the loss of his LTD and LWOP benefits, but also in the loss of earnings on his disability benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

28. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Bailey to enforce the contractual terms of the LTD Policy and Life Policies, to receive reinstatement and payment of past-due LTD and LWOP benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.     Breach of Contract (Provident)**

29. The Life Policy (No. 0631013150) constitutes a written contract.

30. Provident breached the terms of the Life Policy by, among other things, improperly terminating Mr. Bailey's LWOP benefits.

31. Provident's breach of the Life Policy damaged Mr. Bailey, not only in the loss of his LWOP benefits, but also in the loss of opportunity, and the attorneys' fees and costs incurred.

32. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Bailey to enforce the contractual terms of the Life Policy, to receive reinstatement of his LWOP benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**C.  Attorneys' Fees & Costs (Both Defendants)**

33. As a result of Defendants' improper conduct, Mr. Bailey has incurred attorneys' fees and costs.

34. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Bailey to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

35. Mr. Bailey requests the Court enter judgment in his favor and against Defendants on all claims asserted herein, to include legal and equitable relief as appropriate.

36. Mr. Bailey requests the Court award reasonable attorneys' fees and costs.

37. Mr. Bailey requests the Court award pre- and post-judgment interest at greater of the 12% policy rate, or the rate earned by Unum on the unpaid benefits.

38. Mr. Bailey requests the Court award any and all other legal or equitable relief to which he may be entitled.

39. Mr. Bailey requests leave to amend his claims when and as necessary to ensure he receives substantial justice.

40. Mr. Bailey requests the Court deem his pleadings to confirm to the evidence.

- 6 -

\* \* \* \* \* \* \* \* \* \*

Dated:  November 7, 2023                    Respectfully submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn, CLU ChFC
(KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
p: 502.244.9331
f: 502.244.9334

***Counsel for Plaintiff***